IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MELVIN L. LAIRD,                                      CV. 10-396-MO

       Plaintiff,                              ORDER TO DISMISS

  v.

WILLIAM MACKAY, et al.,

       Defendants.

MOSMAN, District Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil action seeking declaratory and injunctive relief pursuant to 28 U.S.C. § 2201. Specifically, plaintiff alleges that, following his criminal trial where he was found guilty of Murder, the trial judge unlawfully sentenced him to an indeterminate sentence where such sentences had been expressly repealed by the enactment of the Oregon Sentencing Guidelines. Plaintiff contends that the application of an indeterminate sentence to his case in 1996 violated his First, Sixth, Eighth, and

1 - ORDER

Fourteenth Amendment rights, as well as federal statutes. Plaintiff sues defendants in their official capacities for declaratory and injunctive relief.

Defendants ask the court to dismiss this action because 28 U.S.C. § 2201, also known as the Declaratory Judgment Act, does not provide an independent cause of action to challenge the legality of plaintiff's confinement.

## **STANDARDS**

Although defendants initially asked the court to dismiss plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), they now seek dismissal for lack of subject matter jurisdiction. When a defendant moves to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court does, indeed, have jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994). The court will grant defendant's Motion if the Complaint fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). Alternatively, a defendant may seek dismissal under Rule 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint. *Id.* Once the defendant has introduced such evidence, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of

establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 3 (citation omitted).

## **DISCUSSION**

Defendants initially moved against the Complaint under the assumption that plaintiff was attempting to litigate this action pursuant to 42 U.S.C. § 1983. In his Response to the Motion to Dismiss, plaintiff makes it very clear that he does not seek to raise a § 1983 challenge, but rather seek relief solely pursuant to 28 U.S.C. § 2201. In so doing, plaintiff attempts to utilize the Declaratory Judgment Act as an alternative for habeas corpus relief. The Declaratory Judgment Act does not, however, provide an independent jurisdictional basis, *Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992), and "may not be used as a substitute for habeas corpus . . . or other such procedures." *Benson v. State Bd. of Parole & Probation*, 384 F.2d 238, 239 (9th Cir. 1967). Because plaintiff provides no basis upon which the court may exercise jurisdiction in this case, defendants' Motion to Dismiss is granted.

///

///

///

///

///

///

## **CONCLUSION**

Defendant's Motion to Dismiss (#4) is GRANTED, and plaintiff's Complaint (#1) is DISMISSED. The dismissal is without prejudice to plaintiff's right to file a proper collateral challenge to his sentence pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

Michael W. Mosman
United States District Judge